Scileppi, J. (dissenting).
I cannot agree with the majority that liability should be visited upon the city and conclude that the complaint was properly dismissed by the trial court.
Pursuant to section 362 of the Buffalo City Charter, no civil action to recover damages for personal injuries sustained as a result of defective sidewalks may be maintained against that municipality, unless prior thereto, the city has received written notice of a defect which it has failed to remedy. The provision, in derrogation of common law, “ was an effort to exempt [municipalities] from liability for holes and breaks of a kind which do not immediately come to the attention of the [municipal] officers unless they are given actual notice thereof” (Doremus v. Incorporated Vil. of Lynbrook, 18 N Y 2d 362, 365-366). In the case before us, there is no question but that the requisite notice was not given. We are told, however, that the case falls within an apparent exception to the notice requirement which exists in cases where the city causes and maintains, the defective condition (see, e.g., Filsno v. City of Rochester, 10 A D 2d 663). I disagree.
Respondents attempted to show that the city caused the defective condition by placing the barrel on the street and then allowing its employees to negligently refill it in a manner which allowed salt to spill out onto the sidewalk. They called expert witnesses who testified that salt, if used indiscriminately, and over a prolonged period of time, can be a competent producing *813 cause of sidewalk deterioration. In my view, this testimony, based as it is on nothing more than speculation and surmise, should be disregarded (Carrera v. State of New York, 29 A D 2d 577). The question was posed as a hypothetical one, hut fatal to respondents’ position is the fact that there was no evidence presented that the city had allowed salt to accumulate over long periods of time. No witnesses were called to show that the city had negligently refilled the barrels. In point of fact, respondents called the custodian of the church which maintained the sidewalk near the barrel, who testified that he never allowed salt to accumulate near the barrel. Though many used the salt and children often threw it around, spillage was never allowed to remain on the sidewalk. Thus, it is my view that no evidence was presented upon which the jury could conclude that the city caused the defective condition and it was proper to set aside their verdict.
It should he added that there was nothing inherently dangerous about supplying a barrel containing salt. It was similar to countless others used in many cities for the protection of the public. The deterioration of the sidewalk should be viewed as nothing more than normal wear and tear, the result of a long slow process which encompassed many months. Thus, even if it could be said that the spillage of the salt aided the erosion process, it was one of many causes. Indeed, the dangerous condition was not created immediately and consequently, since the defects complained of were not the result of any affirmative negligence of the city, written notice was required. (See Doremus v. Incorporated Vil. of Lynbrook, 18 N Y 2d 362, supra.) By concluding otherwise, the majority chooses to ignore the obvious fact that condition of the sidewalk was the result of forces beyond the control of the municipality and makes it an insurer where respondents have simply not proven actionable negligence.
Accordingly, the order appealed from should be reversed and the judgment of the Supreme Court reinstated.
Order affirmed, etc.